IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE RADIOLOGY GROUP, LLC<br><br>Plaintiff,<br><br>v.<br><br>M KEY FINANCIAL SERVICES, LLC, and MELRENEE KEY,<br><br>Defendants. | CIVIL NO. 1:25-cv-04461 VMC |

## **[PROPOSED] AGREED PROTECTIVE ORDER**

The parties agree that it may be necessary during discovery to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals from it. The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

In support of the parties' request, they assert that protection of the identified categories of confidential information is necessary because this case involves allegations of misappropriation of confidential and trade secret information. Information relevant to these allegations may include information related to

1

Plaintiff's finances, business operations, internal policies and procedures, and other trade secret, proprietary, or confidential business information.

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' joint request for entry of a protective order on the following terms:

## 1.    DESIGNATION OF / ACCESS TO PROTECTED MATERIAL

1.1    This Order shall govern all documents and other products of discovery obtained by the parties from one another, and from third parties, all information copied or derived therefrom, as well as all copies, excerpts, summaries or compilations thereof, including documents produced pursuant to requests authorized by the Federal Rules of Civil Procedure, answers to interrogatories, deposition transcripts, responses to requests for admission, affidavits, declarations, expert reports, and other such material and information as may be produced during the course of this litigation.

1.2    In connection with discovery proceedings in this action, any party or third party may designate any non-public document, material, or information as "CONFIDENTIAL" ("Protected Material").  Any documents or things produced pursuant to a discovery request or other written materials exchanged by the parties that a party desires to designate as Protected Material shall be so designated by marking each page of the document, paper or thing CONFIDENTIAL, as appropriate, and indicating the identity of the producing party (e.g., through the use

of an identifying prefix or suffix to the document identification (Bates) number).

(a)    Information may only be designated as "CONFIDENTIAL" if it falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that qualifies as a trade secret (as defined by O.C.G.A. § 10-1-761(4)); (c) information that a person or business considers or treats as confidential, even if it does not rise to the level of a trade secret; (d) medical information concerning any individual protected by the Health Insurance Portability and Accountability Act; and (e) personal identifying information, such as Social Security Numbers, of any individual. Information that has been designated CONFIDENTIAL may be disclosed only to:

(1) The attorneys of record and their employees who are engaged in assisting in this action;

(2) Independent consultants or experts retained by the party or its attorneys in connection with this action, including technical experts, damage and industry experts, and jury or trial consultants, together with their employees engaged in assisting in this action;

(3) The Court and its personnel;

(4) Court reporters and their personnel engaged in proceedings incident to preparation for trial or engaged in trial;

(5) Professional vendors and their employees, including copy

services, trial graphics services, and translation services, engaged by counsel; and

(6) Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient of the document, or the original source of the information, and

(7) Any party or employee of a party to whom disclosure is reasonably necessary for this litigation.

(b)   Prior to receiving any Protected Material, any persons described in sections (2), (4), (5), or (7) of Paragraph 1.2(a) shall be furnished with a copy of this Protective Order with request that such person read the provisions of this Protective Order and be informed of its requirements.

(c)   A Party or individual who desires to disclose Protected Material covered by this Protective Order to an individual to whom disclosure is not expressly permitted or excepted as set forth above, may only disclose such Protected Material upon Order of the Court or upon the express written consent of the Party seeking confidentiality.

1.3   Protected Material, and all summaries, compilations, and derivations thereof, whether oral or written, shall be maintained in confidence, shall be used solely in the preparation, prosecution, or trial of this action, and not for any other purpose, and shall be disclosed only as provided herein.

1.4     This Protective Order does not independently authorize filing protected material under seal. The filing under seal of any material shall be governed by applicable court rules, including but not limited to Appendix H to the Local Rules of this Court, the Court's Standing Order 04-02, and the Standing Order Regarding Civil Litigation for Cases Proceeding Before the Honorable Victoria M. Calvert.

Any documents (including briefs), tangible things, or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by compliance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases.

1.5     The following information shall not be designated or protected under this Protective Order:

(a)     Information that is in the public domain at the time of disclosure, including patent file histories, publicly available prior art publications, catalogs and other advertising materials, press releases, and publicly-filed financial statements;

(b)     Information that at any time is made public through no act of a non-designating party, including information disclosed in open court in another judicial proceeding by the designating party;

(c)     Information that the designating party has not undertaken with others to maintain in confidence and that is in the possession of or becomes available

5

to the receiving party other than through discovery in this action, but only if the receiving party can show by written documentation that the information independently came into its rightful possession; or

(d)    Information that is independently developed by the receiving party, as reflected by written documentation demonstrated to be in existence prior to production by the party claiming confidentiality.

## 2.    PROVISIONS RELATING TO DISCOVERY

2.1    In the event a party may make available certain of its files for inspection by another party, which files may contain non-confidential material as well as material that may be subject to protection under this Protective Order, with the intent that following such inspection the inspecting party will designate certain of the inspected documents to be copied and furnished to it, such files need not be marked with either confidentiality designation in advance, but shall all be treated as Protected Material for ten (10) days following said inspection.  If by the end of the tenth (10th) day, the producing party does not identify in writing which particular items in the inspection are designated as Protected Material, then the receiving party shall treat the produced material non-confidential. When the producing party copies the documents or other material to furnish to the inspecting party, the producing party shall mark Protected Material with the appropriate confidentiality designation to the extent warranted under Paragraph 1.2.

2.2     Whenever a deposition involves a disclosure of Protected Material, the following procedures shall apply:

(a)    Any party may designate any portion of a deposition as CONFIDENTIAL by notifying the other parties on the record during the deposition. The Court Reporter shall be asked to make the appropriate confidentiality designation on each page of the transcript that contains CONFIDENTIAL information. At that time, all persons not qualified to receive that category of information shall leave the room prior to continuation of the deposition and until the conclusion of such designated testimony; and

(b)    Any party may also designate any portion of a deposition as CONFIDENTIAL by notifying the other parties separately in writing within 21 days of receipt of the transcript.  In such event, the parties shall confer as to the most convenient way to segregate the designated portions of the transcript.

(c)    Upon notice at the time of the deposition, all information disclosed at a deposition and all information contained in deposition transcripts shall be treated as Protected Material for a period of 21 days after the receipt of the transcript to permit adequate time for review of the transcript and notice to other counsel regarding any designation as Protected Material by a designating party.

## 3.    CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

3.1    Any party believing that particular information has been improperly

marked may challenge such designation at any time by raising the issue, in writing to the designating party, and specifically identifying the information whose confidentiality status is challenged. Within 10 business days of receipt of such writing, the designating party shall either remove or reduce the designation, or respond that it has reviewed the matter and continues to maintain the designation in good faith.

3.2    If the designating party maintains its designation and the parties are unable to reach agreement, the challenging party may bring the issue to the Court as prescribed in the Court's Guidelines for Discovery and Motions Practice and other applicable rules.  The party asserting CONFIDENTIAL shall have the burden of establishing the appropriateness of the designation, except that a party claiming that information designated by the other as confidential is in the public domain shall have the burden of proving such public knowledge.

3.3    Challenged information shall be treated as designated until the resolution of the dispute by the parties or ruling by the Court.

## 4.    TERMINATION OF LITIGATION

4.1    The obligations of this Protective Order shall survive the termination of the action and continue to bind the parties.  Within sixty days after termination of this action by judgment, settlement, or otherwise from which no appeal can be brought, each party shall destroy all documents containing or disclosing Protected

Material of any other party.  Each party's outside litigation counsel shall have the right to retain one copy of the pleadings; of motions, memoranda, documents, and papers filed with the Court; of deposition transcripts and exhibits; and of any documents constituting work product.

## 5.    THIRD PARTY DISCOVERY

5.1    In the event that any third party shall be called upon, by subpoena or otherwise, to provide or produce documents or information considered CONFIDENTIAL by such third party, such third party may elect to have its information treated in accordance with the terms of this Protective Order by so notifying counsel for all parties in writing.  Upon service of such notice, such third party may designate documents and information as CONFIDENTIAL in the manner set forth in this Protective Order, and such third party's designated information shall be protected in the same manner as that of the parties to this action.

## 6.    INADVERTENT DISCLOSURE

6.1    If a party inadvertently discloses any document or thing containing information that it deems CONFIDENTIAL without designating it pursuant to this Protective Order, the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing, forwarding a replacement copy of the inadvertently disclosed material properly marked with the appropriate confidentiality designation.  The receiving party shall thereafter treat the

information as if it had been properly marked from the outset and shall make a reasonable effort to retrieve and destroy the unmarked version of the inadvertently disclosed material. Disclosure by the receiving party to unauthorized persons before being notified of the inadvertent disclosure shall not constitute a violation of this Protective Order. Nothing in this Protective Order shall preclude the receiving party from challenging the confidentiality designation of the late-marked material pursuant to the provisions of Paragraph 3.

6.2    The inadvertent or mistaken production or disclosure of documents or other information subject to the attorney-client privilege, the work product doctrine, or other privilege shall not be deemed a waiver of a claim of privilege, as to the specific information disclosed or other related information. If a producing party inadvertently produces or otherwise discloses to a receiving party information that is subject to such privilege or immunity, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the inadvertently disclosed information be returned. The receiving party shall return all copies of the inadvertently produced material within five business days of receipt of the request. Any notes or summaries referring or relating to any inadvertently produced privileged material shall be destroyed. Nothing in this Protective Order shall preclude the receiving party returning the inadvertently produced material from seeking an order compelling the production of information previously produced

inadvertently.

## 7.    MISCELLANEOUS PROVISIONS

7.1    If Protected Material in the possession of any receiving party is subpoenaed by any court, by any administrative or legislative body, or by any other person purporting to have authority to subpoena such information, or is the subject of any discovery request under the Federal Rules of Civil Procedure or any comparable rule of court or of any adjudicative body (such subpoena or discovery request collectively referred to as a "Third Party Request"), the party to whom the Third Party Request is directed will not produce such information without first giving prompt written notice (including a copy of the Third Party Request) to the attorneys of record for the producing party, no more than three business days after receiving the Third Party Request.  The party receiving the Third Party Request must also promptly inform in writing the party who caused the Third Party Request to issue in the other litigation that some or all the material covered by the Third Party Request is subject to this Protective Order.  The party receiving the Third Party Request must deliver a copy of this Protective Order promptly to the party in the other action that caused the Third Party Request to issue.

7.2    The producing party shall bear the burden and expense of seeking protection in court of its own Protected Material, and nothing in this Protective Order should be construed as authorizing or encouraging a party receiving a Third Party

11

Request in this action to disobey a lawful directive from another court. Disclosure of information in response to a properly issued Third Party Request shall not constitute a violation of this Protective Order.

7.3    Nothing in this Protective Order shall prevent any counsel of record from utilizing Protected Material in the examination of any person who is reasonably alleged to be the author or source of the Protected Material or who is reasonably believed to have knowledge relating thereto.  In addition, parties and present employees of the parties, or employees of third parties, may be examined as a witness at depositions and trial and may testify concerning all Protected Material produced or designated by that party, or by the employee's employer if a third party.

7.4    Nothing in this Protective Order shall preclude any party from introducing Protected Material into evidence at any evidentiary hearing or at trial. If any party intends to introduce Protected Material at trial, the party wishing to make the disclosure shall notify the producing party through identifying the Protected Material on the party's proposed exhibit list, in accordance with the deadlines set forth in the pre-trial order.  The burden will be on the producing party to request the Court take appropriate precautionary procedures.

7.5    Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his/her clients with respect to this litigation and referring to or relying generally upon his/her examination of Protected Material,

provided that in rendering such advice and in otherwise communicating with his/her clients, the attorney shall not disclose the content of such information.

7.6 All persons in possession of Protected Material shall exercise reasonable and appropriate care with regard to the storage, custody, and use of such information in order to ensure that the provisions of this Protective Order are observed and the confidential nature of the information is maintained.

7.7 This Protective Order may be modified only by further Order of the Court, whether *sua sponte* or by agreement of the parties or their counsel and approval by the Court, and is without prejudice to the rights of any party to move for relief from any of its provisions pursuant to the Court's Guidelines for Discovery and Motion Practice or other applicable rules, or to seek (consistent with said guidelines or rules) or agree to different or additional protection for any particular material or information.

7.8 Treatment by counsel or the parties of information designated CONFIDENTIAL as designated shall not be construed as an admission by any party that the designated information contains trade secrets or other proprietary or confidential information. Conversely, failure to so designate shall not constitute a waiver of any party's claims, either within or outside this action, that any such documents or information do contain trade secrets or other proprietary or confidential information.

7.9    No party shall be obligated to challenge the propriety of any designation, and failure to challenge a claim of confidentiality at the time of receipt shall not constitute a waiver of the right to challenge a confidentiality designation at any later time.

CONSENTED TO BY:

s/ Frank G. Goldman
(with express permission)
Frank G. Goldman
Georgia Bar No. 300052
Frank G. Goldman, P.C.
fgoldman@fggpc.com
PO Box 202
Avondale Estates, GA 30002
Telephone: 404-918-9145

Attorney for Defendants

s/ Lisa D. Taylor
Lisa D. Taylor
Georgia Bar No. 235529
Stembridge Taylor, LLC
lisa@stembridgetaylor.com
3651 Mars Hill Road, Suite 2900-B
Watkinsville, Georgia 30677
Telephone: (678) 269-0402

Attorney for Plaintiff

**SO ORDERED this _____ day of _____, 2026.**

_____
HONORABLE VICTORIA M. CALVERT
UNITED STATES DISTRICT  JUDGE

14

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1 of the Local Civil Rules for the Northern District of Georgia, I hereby certify that this pleading has been prepared in compliance with Local Rule 5.1(C).

*/s/ Lisa D. Taylor*
Lisa Durham Taylor
Georgia Bar No. 235529
